**QIN QIN WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondent.**

No. 06–2328–ag.

United States Court of Appeals, Second Circuit.

Jan. 17, 2007.

David X. Feng, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Karin B. Hoppmann, Judy K. Hunt, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Qin Qin Wang, a native and citizen of China, seeks review of an April 24, 2006, order of the BIA affirming the November 16, 2004, decision of Immigration Judge ("IJ") Noel Ferris denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qin Qin Wang*, No. A78 222 094 (B.I.A. Apr. 24, 2006), *aff'g* No. A78 222 094 (Immig. Ct. N.Y. City Nov. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Wang argues that she suffered both past economic persecution and has a well-founded fear of economic persecution on account of her religion. This Court has held that economic deprivation may constitute persecution under some circumstances, but petitioner must offer some proof that she suffered "deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67, 70 (2d Cir.2002) (quoting *Chen v. INS*, 195 F.3d 198, 204 (4th Cir.1999)); *see also Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir.2000). Recently, this Court noted that the BIA has not specifically provided a standard for economic persecution claims, and, as a result, this Court remanded to the BIA for it to clarify the standards for when economic harm rises to the level of persecution. *See Mirzoyan v. Gonzales*, 457 F.3d 217, 222–24 (2d Cir.2006). Regardless, it is clear that Wang did not prove a claim for past or future persecution based on economic deprivation.

▮ Regarding her past persecution claim, Wang's dismissal from her job was not the type of severe conduct that would constitute persecution. *See, e.g., Shehu v. Gonzales*, 443 F.3d 435, 441 (5th Cir.2006); *Medhin v. Ashcroft*, 350 F.3d 685, 689 (7th Cir.2003); *Gormley v. Ashcroft*, 364 F.3d 1172, 1178–80 (9th Cir.2004); *Barreto–Claro v. U.S. Att'y Gen.*, 275 F.3d 1334, 1340 (11th Cir.2001). In addition, as the BIA noted, the school's decision not to renew her contract was a reasonable action in light of their rules against proselytizing. Accordingly, the agency's denial of Wang's

past persecution claim is supported by substantial evidence.

 Wang also argues that the agency erred in denying her well-founded fear of persecution claim because she will face economic persecution, in the form of being unable to find a teaching position, upon her return to China. However, Wang testified that the principal did not report her behavior, and, as a result, Wang failed to present any evidence indicating that she would not be able to find another teaching position. In addition, Wang did not claim that she would be unable to financially support herself in China. Accordingly, the agency was reasonable in denying Wang's claim that she would face economic hardship upon her return to China.

 Wang also argues that she fears persecution and torture in China because she knew a teacher who was severely mistreated upon return to China because she fled the country illegally. However, as the agency determined, Wang failed to establish that she fled China illegally. Without this showing, she failed to make out a claim for relief on this ground. *See Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 122 n. 25 (2d Cir.2006) (citing *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005)).

Finally, Wang asserts that she was denied access to a fair hearing because the IJ demonstrated bias and prejudice. Our review of the record indicates that this claim has no merit.

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in these petitions is VACATED.